UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| YOLANDA GILL, | |
| Plaintiff, | Case No. 19-cv-08099 |
| v. | Judge Manish S. Shah |
| COLORADO TECHNICAL UNIVERSITY, a/k/a PERDOCEO EDUCATION CORPORATION, f/k/a CEC EMPLOYEE GROUP, LLC, | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | |

## JOINT INITIAL STATUS REPORT

This case has been referred to the Honorable Judge Manish S Shah. Pursuant to the Court's Order, the parties jointly and timely file this Joint Initial Status Report as follows:

**1.    Nature of the Case**

a.  The attorneys of record for each party are as follows:

| | |
|---|---|
| Mason Cole | Kirsten A. Milton |
| Cole Sadkin, LLC | Brenna R. McLean |
| 20 S. Clark Street | Jackson Lewis, P.C. |
| Suite 500 | 150 N. Michigan Avenue |
| Chicago, IL 60603 | Suite 2500 |
| P: 312-548-8610 | Chicago, IL 606001 |
| E: mcole@colesadkin.com | P: 312-803-2550 |
| *Counsel for Plaintiff* | E: Kirsten.milton@jacksonlewis.com |
| | Brenna.mclean@jacksonlewis.com |
| | *Counsel for Defendant* |

b.  This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343 as this action alleges violations of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Family Medical Leave Act 29 U.S.C. § 2601 *et seq*. ("FMLA"), the National Defense Authorization Act, Pilot Program for Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information, 41 U.S.C. § 4712 *et seq*. ("NDAA"), and Title IX, 20 U.S.C. § 1681(a) ("Title IX").

c.  Plaintiff, Yolanda Gill ("Gill" or "Plaintiff"), alleges that her employer, Perdoceo Education Corporation ("CEC" or "Defendant"), has subjected her to gender-based sexual

    harassment and/or discipline and differential treatment throughout her employment because she is African American. Plaintiff alleges that Defendant violated her rights under the Family Medical Leave Act ("FMLA") by allegedly: failing to adhere to her rights under the FMLA, including delaying and barring her access to her workload upon return from leave. Finally, Plaintiff alleges Defendant has violated her rights under Title IX and Title 41 to be free from discrimination in the workplace based on her allegations that Defendant is (1) a federally funded education institution, and (2) operates as a federal contractor and/or subcontractor. Defendant denies these allegations and further denies that it engaged in any unlawful activity with respect to Plaintiff's employment. There are no counterclaims at present.

d.  Major legal and factual issues relevant to this case include:

e.  Whether Plaintiff can proceed on any race, sex-based harassment, or retaliation claims outside the scope of her administrative charge.

    1.  Whether Plaintiff has exhausted her administrative remedies on her IHRA claim.

    2.  Whether Plaintiff has failed to plead facts sufficient to state a plausible claim for retaliation under the NDAA and the FMLA.

    3.  Whether Plaintiff's IX claims are preempted by Title VII.

    4.  Whether Plaintiff can prove that Defendant discriminated against her based on her race.

    5.  Whether CEC has policies and procedures in place to remedy and correct any discriminatory and harassing behavior, and Plaintiff unreasonably failed to take advantage of these options.

    6.  Whether CEC acted in good faith compliance with all applicable laws and made all employment decisions regarding Plaintiff based on legitimate, non-discriminatory and non-retaliatory reasons. Additionally, whether CEC acted in good faith to implement policies and comply with all state and federal anti-discrimination laws.

    7.  Whether Plaintiff may recover liquidated damages under the FMLA because Defendant acted in good faith at all times in regards to Plaintiff's exercise of her FMLA rights.

    8.  Whether Plaintiff is entitled to any damages as a result of any of Defendant's alleged violations.

    9.  Whether Plaintiff's recovery should be reduced to the extent she failed to mitigate her damages.

    10. Whether Plaintiff's claims are barred by any of Defendant's defenses or affirmative defenses.

 f. Plaintiff seeks damages for lost wages and benefits, physical and emotional distress, loss of professional reputation, and other compensatory damages. Defendant denies that Plaintiff is entitled to any damages or relief.

**2.** **Mandatory Initial Discovery (Pilot Program)**

 a. Both parties are familiar with the MIDP program and intend to follow the guidance as stated per the Standing Order.

 b. On June 8, 2020 Defendant will file its Motion to Dismiss Counts II – VI of Plaintiff's First Amended Complaint with Demand for Jury ("Motion to Dismiss") and the parties propose Plaintiff's Response to be filed on or before July 8, 2020 and Defendant's Reply to be filed on or before August 5, 2020.

 c. As discussed in more detail below, the parties are asking for relief concerning their obligations under the mandatory initial discovery responses pending ruling on Defendant's motion to dismiss.

**3.** **The status of any briefing on the matters referred.**

 a. On June 5, 2020, Defendant filed an Unopposed Motion for Leave to File an Oversized Memorandum of Law in Support of Its Motion to Dismiss Counts II – VI of Plaintiff's First Amended Complaint with Demand for Jury (Dkt. No. 27), which the Court granted on June 8, 2020 (Dkt. No. 28).

 b. On June 8, 2020, Defendant filed a Motion to Dismiss Counts II – VI of Plaintiff's First Amended Complaint with Demand for Jury ("Motion to Dismiss"), and supporting memorandum of law and exhibits, and propose the above briefing schedule, supra Section 2.b.

 c. With respect to trial, Plaintiff has requested a trial by jury, the parties expect the potential jury trial to last three (3) days.

**4.** **Consent to proceed before a Magistrate Judge**

 a. The parties do not agree to proceed before Magistrate Judge Gabriel A. Fuentes.

**5.** **Status of Settlement Discussions**

 a. The parties have yet to engage in substantive settlement discussions.

    b.  The parties are not yet in a position to determine whether they will request a settlement conference before issuing written discovery and after pleadings have been finalized.

**Dated: June 8, 2020**

Respectfully Submitted,

| | |
|---|---|
| By:/s/ Mason S. Cole | By:/s/Kirsten A. Milton |
| Mason S. Cole | Kirsten A. Milton |
| Cole Sadkin, LLC | Brenna R. McLean |
| 20 S. Clark Street, Suite 500 | Jackson Lewis P.C. |
| Chicago, IL 60603 | 150 N. Michigan Avenue, Suite 3300 |
| (312) 548-8610 | Chicago, Illinois 60601 |
| mcole@colesadkin.com | kirsten.milton@jacksonlewis.com |
| *Counsel for Plaintiff* | brenna.mclean@jacksonlewis.com |
| | (312) 803-2550 |
| | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 8, 2020, he electronically filed the foregoing **Joint Initial Status Report** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

By: /s/ Mason S. Cole
Mason S. Cole
Cole Sadkin, LLC
20 S. Clark Street, Suite 500
Chicago, IL 60603
(312) 548-8610
mcole@colesadkin.com
*Counsel for Plaintiff*
