UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| YOLANDA GILL,<br><br>          Plaintiff,<br><br>      v.<br><br>COLORADO TECHNICAL UNIVERSITY,<br>a/k/a PERDOCEO EDUCATION<br>CORPORATION, f/k/a CEC EMPLOYEE<br>GROUP, LLC,<br><br>          Defendant. | Case No. 19-cv-08099<br><br>Judge Manish S. Shah<br><br>Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS II – VI OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant CEC Employee Group, LLC ("CEC" or "Defendant"), by its attorneys, Kirsten A. Milton, Jody Kahn Mason, and Brenna R. McLean of Jackson Lewis, P.C., respectfully submits its Reply Memorandum of Law in Support of Its Motion to Dismiss Counts II – VI of Plaintiff's First Amended Complaint and states as follows:

**INTRODUCTION**

Plaintiff Yolanda Gill's ("Gill" or "Plaintiff") Response to Defendant's Motion ("Response") fails to save Counts II – VI of her First Amended Complaint ("Amended Complaint") from dismissal. Gill has failed, after two separate attempts to properly plead her claims, to cure the legal, procedural and factual deficiencies in her Amended Complaint. Instead, Gill: (1) seeks to rely on "facts" which are not alleged in her Amended Complaint,[1] (2) attempts

---

[1] Gill attempts to bolster her insufficiently pled Amended Complaint by devoting a significant portion of her Response to a "factual statement" that improperly includes new allegations that she contends support her claims of discrimination and retaliation. Tellingly, none of the "facts" relied upon by Gill are supported by citations to her Amended Complaint. This is likely because Gill's "factual statement" contains "facts," alleged for the first time in her Response and are notably absent from the Amended Complaint. For instance, Gill now claims that she suffered "immediate damage caused by the [system] lockout" upon her

1

to contradict CEC's legal arguments with case law from other jurisdictions while ignoring controlling Seventh Circuit authority, or (3) altogether fails to respond to the arguments in CEC's opening brief.[2] Thus, as explained more fully below, because Gill has utterly failed to meet the substance of CEC's arguments and for the reasons stated in CEC's opening Memorandum, Defendant respectfully requests that the Court dismiss Counts II – VI of Plaintiff's Amended Complaint with prejudice.[3]

## LEGAL ARGUMENT

### I. Counts II (Race Discrimination) and III (Sexual Harassment) Should Be Dismissed Because Gill Did Not Exhaust Her Administrative Remedies.

#### A. The Court Should Dismiss Count II of Gill's Complaint Because She Has Not Shown that She Exhausted Her Administrative Remedies with the IDHR.

As CEC established in its motion, Gill cannot maintain her claim for alleged race discrimination under the Illinois Human Rights Act ("IHRA") where she has not exhausted her state administrative remedies with the Illinois Department of Human Rights ("IDHR"). Rather than attempt to distinguish or even address the deluge of case law cited by CEC in support of its position, Gill instead argues that she exhausted all of her administrative remedies with the IDHR

---

return from FMLA leave, which she argues "affected [her] ability to meet her daily, weekly, and monthly student call goals." (Resp. at 4-5). These allegations do not appear anywhere in Gill's Amended Complaint. (Compl. at ¶¶74 – 82).

[2] As a preliminary matter, Counts II – IV of Gill's Amended Complaint should be dismissed because she fails to provide any legal support for her arguments. "When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995); *see also County of McHenry v. Ins. Co. of the West*, 428 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action."); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Judges are busy people...they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.").

[3] Dismissal with prejudice is appropriate where, as here, Gill was given notice and multiple opportunities to remedy the errors in question, but failed to do so. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015).

2

based upon what she describes as "the reasonable presumption of Plaintiff and her counsel" that a Charge filed with the EEOC automatically exhausts the administrative remedies available under the IHRA, notwithstanding the case law cited by CEC to the contrary. (Resp. at 6-7; *see* Motion, pp. 13-15, *citing Hankins v. Best Buy Co.,* No. 10 CV 4508, 2011 U.S. Dist. LEXIS 139037, at *6 (N.D. Ill. Dec. 2, 2011) ("[T]he fact that [the plaintiff] received a right to sue notice from the EEOC does not establish that he may bring suit under the IHRA.")). Gill's argument is premised entirely upon the 2012 EEOC/FEPA Model Worksharing Agreement ("Worksharing Agreement"), which is a sample agreement designed to explain the work share arrangement between the EEOC and Fair Employment Practice Agencies such as the IDHR.[4] Gill asserts that by virtue of the Worksharing Agreement, the IDHR "acts as an agent of the EEOC," and thus when an EEOC charge is "closed out," it is simultaneously "closed out" with the IDHR. (Resp. at 7-8). Accordingly, Gill seeks to avoid dismissal by relying on her subjective (and incorrect) belief that she exhausted her state administrative remedies when the EEOC issued its right-to-sue letter. (*Id.* at 8). Gill does not provide any case law in support of her argument.

The "reasonable presumption" of Gill and her counsel, which is patently incorrect, cannot save Count II of her Amended Complaint from dismissal. Notwithstanding the existence of the Worksharing Agreement, Gill ignores the plain text of the IHRA, which specifically states that the IDHR "shall take no action" until the EEOC renders its determination ***and*** the complainant notifies the IDHR of the EEOC's determination. 775 ILCS 5/7A-102(A-1)(1). Notably, Gill does not refute CEC's assertion that she failed to timely notify the IDHR of the EEOC's determination. (Resp. at 6-8). Gill's contention that she satisfied the IHRA's administrative requirements simply because the EEOC issued a right-to-sue letter is unavailing. *See Brown v. Reliable Sheet Metal*

---

[4] While Gill claims that the Worksharing Agreement is attached as Exhibit 1 to her Response, the exhibit was notably missing from the filing.

*Works, Inc.*, 852 F.2d 932, 935 n.5 (7th Cir. 1988) (overruled on other grounds) (rejecting plaintiff's contention that she "satisfied the IHRA's administrative requirements by complying with the minimal exhaustion requirements needed to obtain an EEOC right-to-sue letter," noting that "such a proposition represents the very circumvention of Illinois's conciliation scheme"). Simply put, in the absence of a right-to-sue notice from the IDHR, Gill has not exhausted her administrative remedies under the IHRA. Accordingly, Count II of her Amended Complaint should be dismissed with prejudice.

### B. Count III of Gill's Complaint Should Be Dismissed Because Plaintiff's EEOC Charge Does Not Contain Allegations of Sexual Harassment.

Gill's claim of sexual harassment in violation of Title VII, as alleged in Count III of her Amended Complaint, should be dismissed because she failed to exhaust her administrative remedies with respect to her claim. Notably, Gill does not dispute that she failed to include any allegations regarding her sex or gender in the EEOC Charge appended to her Amended Complaint, nor does she dispute that she failed to check the box for alleged discrimination on the basis of her sex. (*See* Dkt. No. 23-1, p. 1). Instead, she argues that by marking the boxes for "retaliation" and "continuing action" in her Charge, she "inherently acknowledge[ed]" her subsequent sexual harassment claim. (Resp. at 8-9). Therefore, she argues that Count III of her Amended Complaint should not be dismissed based on what she describes as a "technicality." (Resp. at 8-9). Again, Gill fails to provide any legal support for her position, nor does she address – or even acknowledge – the case law cited by CEC in its motion. Instead, she asserts facts that do not include any corresponding citations to the allegations contained in her Amended Complaint and nonsensically recites the elements of a retaliation claim in the hope of salvaging her claim of sexual harassment.

As CEC noted in its motion, courts in this district have routinely held that allegations of discrimination or retaliation in a charge of discrimination cannot support a later claim for

4

harassment in a federal lawsuit. *See e.g.*, *Shankle v. Village of Melrose* Park, No. 12 C 6923, 2013 U.S. Dist. LEXIS 61080, at *10 (N.D. Ill. Apr. 30, 2013) (dismissing plaintiff's sexual harassment claim because her "EEOC charges say nothing about alleged sexual harassment or a hostile work environment," noting that even claims of sex discrimination asserted in an EEOC charge are insufficient to support a claim for sexual harassment); *Sheppard v. Village of Glendale Heights*, 11 C 1044, 2011 U.S. Dist. LEXIS 140917, at *8 (N.D. Ill. Dec. 5, 2011) (dismissing plaintiff's sexual and racial harassment claims because they were "not alike or reasonably related to" her EEOC charge, in which she alleged sex and race discrimination and retaliation).

Gill's sexual harassment allegations asserted in Count III of her Amended Complaint are not "like or reasonably related to" the allegations of race discrimination and retaliation contained in her underlying EEOC Charge. This is particularly true where the claims do not implicate the same individuals or involve the same conduct, as evidenced by the factual allegations asserted by Gill in her Amended Complaint relative to each of her claims. *See Harper v. Godfrey Co.*, 45 F.3d 143, 147-48 (7th Cir. 1995). Beyond her conclusory assertion that her claims of race discrimination and retaliation "inherently acknowledge" the sexual harassment claims articulated in her Amended Complaint, Gill has not shown that her claim for sexual harassment "could have been reasonably expected to grow out of an EEOC investigation of...alleged race discrimination" or retaliation. Thus, Count III of Gill's Amended Complaint should be dismissed with prejudice. *See Worthington v. JJ Severson Affiliates, Inc.*, No. 16 C 8573, 2017 U.S. Dist. Lexis 9419, at *7 (N.D. Ill. Jan. 24, 2017).

5

**II.  Counts IV – VI Should Be Dismissed Where Plaintiff Has Failed to Point to Sufficient Facts Alleged in Her Amended Complaint to Support the Claims Asserted.**

**A. Gill Has Not Properly Alleged a Claim for FMLA Retaliation in Count V of Her Amended Complaint.**

In its opening brief, CEC argued that the Court should dismiss Gill's FMLA retaliation claim because her Amended Complaint is devoid of any facts which would establish that she suffered a materially adverse action, a necessary element of an FMLA retaliation claim. In her Response, Gill attempts to remedy the deficiencies in her Amended Complaint by characterizing the alleged adverse action as "discriminatory retaliation upon [her] attempt[] to return to work" when CEC purportedly "restricted her access to her workload," causing her "to be placed in a disparate category in comparison to her colleagues...[and] which ultimately affected Plaintiffs [*sic*] performance reviews." (Resp. 13-14).

However, even assuming for the sake of argument that the alleged conduct described by Gill is sufficient to meet her pleading requirements – which it is not[5] – the allegations made by Gill in her Response do not appear anywhere in her Amended Complaint. Tellingly, Gill does not cite to her Amended Complaint to support any of the allegations described in her Response. Thus, these "facts" should not be considered. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (plaintiff's attempt to recharacterize the allegations in his complaint in response to a motion to dismiss "founders...because of the axiomatic rule that a plaintiff may not amend his complaint in his response brief"); *see also Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) ("[I]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quotation

---

[5] A negative performance review does not constitute an adverse employment action in the FMLA retaliation context. *See Langenbach v. Wal-Mart Stores, Inc.*, 761 F.3d 792, 799 (7th Cir. 2014).

6

omitted)); *see also United States ex rel. McGee v. IBM Corp.*, 81 F. Supp. 3d 643 (N.D. Ill. 2015) ("In analyzing a Rule 12(b)(6) motion, the Court's review is limited to the complaint, and any attached documents. So the Court must disregard "allegations" contained in [plaintiff's] response briefs.").[6]

Therefore, because Gill has failed to allege sufficient facts to establish that she suffered a materially adverse action in retaliation for exercising her rights under the FMLA, Count V of her Amended Complaint should be dismissed.

### B. Count IV of Gill's Amended Complaint Should Be Dismissed Because She Has Not Pled Facts Sufficient to Support a Claim Under the NDAA, Nor Has She Exhausted Her Administrative Remedies.

Count IV of Gill's Amended Complaint, in which she alleged a violation of the National Defense Authorization Act ("NDAA"), should be dismissed because Gill failed to plead facts which would establish that she had information she "reasonably believe[d]" evidenced CEC's violation of a law, rule, or regulation *related to* a federal contract or grant. In her Response, Gill simply states that she "disagrees with Defendants [*sic*] assessment of the NDAA and how its elements can and should be applied," and asserts that she has adequately stated a claim for relief under the NDAA because it is an "umbrella [statute] which encompasses any and all government entities which ultimately are regulated by the U.S. Department of Labor (DOL) Office of Federal Contract Compliance."[7] (Resp. at 11-12). Gill does not provide any case law to support her position, nor does she explain how reporting alleged discrimination or harassment – alleged

---

[6] To support her position, Gill also invokes the *McDonnel Douglas* burden-shifting standard, while citing to a summary judgment decision from the Fourth Circuit. (Resp. at 14). As CEC is moving to dismiss Gill's case in the Seventh Circuit, her scant legal "support" does not apply.

[7] Of note, Gill's Amended Complaint does not include any allegations that CEC is a government entity that is regulated by the U.S. Department of Labor (DOL) Office of Federal Contract Compliance, further underscoring the logical fallacies in Gill's arguments.

behavior which has nothing to do with a federal contract or grant, nor could a person "reasonably believe" it does – is protected activity under the NDAA. Indeed, Gill even appears to concede that the NDAA is "misappli[ed]" to the facts alleged in her Amended Complaint. (Resp. at 11) ("[O]ne will note the misapplication of [the NDAA] as related to Plaintiffs [*sic*] allegations of protected activity discrimination under the NDAA.").

Additionally, Gill fails to respond to CEC's argument that Count IV of her Amended Complaint should be dismissed because she failed to exhaust her administrative remedies under the NDAA. For this reason alone, the Court should dismiss Count IV of Gill's Amended Complaint. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (affirming district court's dismissal order against plaintiff that failed to address defendants' arguments supporting dismissal); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument...results in waiver.").

### C. The Court Should Dismiss Count VI of Gill's Amended Complaint Because Binding Authority from the Seventh Circuit Establishes that Title VII Preempts Employment Discrimination Claims Brought Under IX.

Count VI of Gill's Amended Complaint should be dismissed with prejudice because the Seventh Circuit and courts in this district have consistently and unambiguously held that Title VII preempts employment discrimination claims brought under Title IX. Gill has chosen to ignore binding precedent from the Seventh Circuit and instead asserts that her hostile work environment claim is "duly substantiated" under Title VII and Title IX. In support of her claim, Gill relies upon *Whitson v. Tennessee*, a decision out of the Eastern District of Tennessee that explicitly noted the issue of whether Title VII claims preempt Title IX claims is "an unanswered question in the *Sixth District.*" (Resp. at 15-16, *citing* No. 1:16-cv-9, 2017 U.S. Dist. LEXIS 119602, at *22, n.19 (E.D. Tenn. Jul. 31, 2017) (emphasis added)). However, the *Whitson* case is of no consequence here

where this issue has been resolved by the Seventh Circuit and courts in the Northern District. *See, e.g.*, *Jones v. Sabis Educ. Sys., Inc.*, No. 98 C 4252, 1999 U.S. Dist. LEXIS 19449, at *10, n.7 (N.D. Ill. Dec. 9, 1999) (finding that Title VII preempted plaintiff's claims under Title IX because "Title VII provides a comprehensive statutory scheme for protecting rights against discrimination in employment"), *citing Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857, 862 (7th Cir. 1996). As has been the case throughout Gill's Response, she completely fails to address the controlling case law cited by CEC in its motion.

Gill also argues that Count VI of her Amended Complaint should survive because CEC "fail[ed] to establish a non-discriminatory reason why Plaintiff was harmed and proper action to her rights was not enacted." (Resp. at 16). However, in so doing, Gill erroneously seeks to apply a summary judgment standard to a motion to dismiss. To prevail on a 12(b)(6) motion, CEC must only demonstrate that Gill's Amended Complaint fails to "plausibly suggest that [she] has a right to relief." *EEOC v. Concentra Health Servs. Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). CEC has met this standard because Gill's sexual harassment allegations, which relate to conduct she claims occurred during the course of her employment with CEC, are within the exclusive province of Title VII. Therefore, for the reasons set forth here and in CEC's opening brief, the Court should dismiss Count VI of Gill's Amended Complaint.

## CONCLUSION

For the reasons stated above and in its opening Memorandum, Defendant CEC Employee Group, LLC respectfully requests that the Court dismiss Counts II – VI of Plaintiff Yolanda Gill's First Amended Complaint with Demand for Jury Trial with prejudice, and for such other and further relief as the Court deems just and proper.

Date: August 5, 2020	Respectfully submitted,

**CEC EMPLOYEE GROUP, LLC**

/s/ Jody Kahn Mason
Kirsten A. Milton
Jody Kahn Mason
Brenna R. McLean
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60603
(312) 787-4949
Kirsten.Milton@jacksonlewis.com
Jody.Mason@jacksonlewis.com
Brenna.McLean@jacksonlewis.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on August 5, 2020, she caused a true and correct copy of the foregoing **Defendant's Reply in Support of Its Motion to Dismiss Counts II – VI of Plaintiff's First Amended Complaint with Demand for Jury Trial** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

/s/ Jody Kahn Mason